MARYLAND CASUALTY ) 
COMPANY )
 )
      Plaintiff, )
 )
      vs. )      No. 4:10-CV-02325 (CEJ)
 )
PHILIP TREACY, et al., )
 )
      Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendants Philip Treacy, Jon Woodrum, Avery Myrick, and WMT, Inc. (the "Treacy defendants") to dismiss the complaint for failure to state a claim for relief, pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, the Treacy defendants move to strike the complaint for failure to make a demand for relief pursuant to Fed. R. Civ. P. 8(a)(3).

Plaintiff brings this action seeking a declaration of its obligations under a policy of insurance that it issued to defendants Daniel J. Lowery, Dorothy Lowery, Dennis J. Lowery, LSI-Lowery Systems, Inc., and Lowery Holdings, LLC. (the "Lowery defendants"). Specifically, plaintiff asks the Court to determine that it has no duty to provide a defense for or to indemnify the Lowery defendants in connection with a state court lawsuit filed by the Treacy defendants against the Lowery defendants.[1]

## I. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it

---

[1]In the state court lawsuit, the Treacy defendants seek monetary and equitable relief based on claims of breach of contract, breach of fiduciary duty, money had and received, unjust enrichment, wrongful termination, and dissolution.

strikes a savvy judge that actual proof of those facts is improbable." <u>Bell Atlantic Corp.</u> <u>v. Twombly</u>, 550 U.S. 544, 556 (2007) (<u>citing</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 n.1 (2002)); <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance…dismissals based on a judge's disbelief of a complaint's factual allegations"); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. <u>Id.</u> A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." <u>Bell</u> <u>Atlantic Corp.</u>, 550 U.S. at 570. See also <u>id.</u> at 563 ("no set of facts" language in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 555.

Rule 8 of the Federal Rules of Civil Procedure sets forth the requirements for a pleading stating a claim for relief. Included is the requirement that the pleading contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

## II. Discussion

The Treacy defendants argue that the complaint should be dismissed because plaintiff does not allege that they have any interest in the policy and does not make a demand for relief against them. The plaintiff argues that the Treacy defendants stand to lose or gain by a declaration on the issue of coverage. Plaintiff also argues that the Treacy defendants are necessary parties to the declaratory judgment action. According to plaintiff, a judicial determination that plaintiff owes no duty to the Lowery

defendants would have no preclusive effect on the Treacy defendants if they were not parties to this action.

The Court agrees with plaintiff that the Treacy defendants are necessary and indispensable parties to this litigation. The determination of whether plaintiff owes a duty to defend and indemnify the Lowery defendants would affect the interests of the Treacy defendants. If the Treacy defendants are dismissed from this action and later prevail in the state court action, they would not be barred from asserting a claim against plaintiff. See Wilkes v. St. Paul Fire & Marine Ins. Co., 92 S.W.3d 116, 122-123 (Mo. Ct. App. 2002). The absence of allegations of privity between the Lowery and Treacy defendants or of any claim for relief specifically directed to the Treacy defendants does not diminish the sufficiency of the complaint. Rather, it is sufficient that the complaint sets forth the factual basis for plaintiff's claim that it has no duty to defend or indemnify the Lowerys in the state court action brought by the Treacy defendants and that the relief plaintiff seeks is a declaration that the insurance policy does not impose a duty to defend and indemnify.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the Treacy defendants to dismiss or, alternatively, to strike the complaint [#14] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of July, 2011.

3