UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARYLAND CASUALTY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10-CV-2325(CEJ) |
| | ) |
| PHILLIP TREACY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for summary judgment, pursuant to Fed. R. Civ. P. 56(c). Defendants oppose the motion and the issues are fully briefed.

Plaintiff brings this action for a declaration of its obligations under a policy of insurance that it issued to defendants Daniel J. Lowery, Dorothy Lowery, Dennis J. Lowery, Lowery Holdings, LLC, and LSI-Lowery Systems, Inc. (the "Lowery defendants"). Plaintiff seeks a determination that there is no duty to provide a defense for or to indemnify the Lowery defendants in connection with a state court lawsuit filed against them. The Lowery defendants contend that the plaintiff is obligated to provide coverage for the underlying lawsuit. Plaintiff moves for summary judgment, arguing that its policy does not cover the claims asserted in the state-court action

**I. Background**

**A. Underlying Lawsuit**

The underlying lawsuit was filed on May 6, 2011 by Phillip Treacy, Jon Woodrum, and Avery Myrick (the "Treacy defendants"), who were employees and minority

shareholders of LSI-Lowery Systems, Inc. ("LSI"), a computer company owned by the Lowery defendants. In 2009, the Lowery defendants entered into an agreement to sell LSI and its assets to the Treacy defendants. Before purchasing LSI, the Treacy defendants conducted an investigation of LSI's finances and discovered that the Lowery defendants had used LSI's funds to pay for personal expenses and to fund a separate business owned by defendant Daniel Lowery. The Treacy defendants alleged that the Lowery defendants failed to truthfully disclose financial information for the LSI purchase and that they violated state and federal tax laws. After the Treacy defendants rejected a demand to modify the purchase agreement, the Lowery defendants refused to close the sale. In their petition, the Treacy defendants asserted claims of breach of fiduciary duty (Counts I and II), civil conspiracy (Count III), and dissolution (Count IV).

B. **Relevant Policy Provisions**

Plaintiff issued the Lowery defendants a commercial general liability policy covering the period March 1, 2009 to March 1, 2010. The following provisions are relevant to the present dispute:

1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

    * * *

    b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been know prior to the policy period.

(Ex. 4, 123-124)

The policy provides the following pertinent definitions:

SECTION V – DEFINITIONS

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person. This includes mental anguish, mental injury, shock, fright or death resulting from bodily injury, sickness or disease.

13. "Occurrence" means accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. "Property damages" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

(Ex. 4, 103-106).

II. Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories,

3

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts.  AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987).  The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).  Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e).  Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

### III. Discussion

Missouri law, which is applicable to this diversity case, construes insurance policies in favor of the insured.  Standard Artificial Limb, Inc. v. Allianz Ins. Co., 895 S.W.2d 205, 209 (Mo. Ct. App. 1995).  Policy exceptions and limitations are to be strictly construed against the insurer.  Id.  An insurance policy must be construed as a whole and every clause must be given some meaning if it is reasonably possible to do so.  Lincoln Cty. Ambulance Dist. v. Pacific Employers Ins. Co., 15 S.W.3d 739, 743

(Mo. Ct. App. 1998) (interpreting errors and omissions policy). The words of a policy are given their ordinary meanings, unless it is plain that a technical meaning is intended. Herpel v. Farmers Ins. Co., 795 S.W.2d 508, 510 (Mo. Ct. App. 1990). Where insurance policies are unambiguous, the policy will be enforced as written. Id. Ambiguity arises where there is duplicity, indistinctness, or uncertainty about the meaning of words used in the contract. Lincoln Cty. Ambulance Dist., 15 S.W.3d at 743. Where policy language is open to different constructions, it will be interpreted in the manner that would ordinarily be understood by the layperson who bought and paid for the policy. Hawkeye-Security Ins. Co. v. Davis, 6 S.W.3d 419, 424 (Mo. Ct. App. 1999). Courts may not create an ambiguity where none exists. Id.

An insurer's duty to defend its insured is determined by comparing the provisions of the liability policy with the allegations of the complaint filed against the insured. Superior Equipment Co., Inc. v. Maryland Casualty Co., 986 S.W.2d 477, 481 (8th Cir. 1998). If the complaint alleges facts which state a claim arguably within the policy's coverage, the insurer has a duty to defend. Id. Furthermore, the presence of some potentially insured claims in the complaint give rise to the duty to defend even though claims beyond the scope of coverage may also be present. Id.

The Court finds that the claims asserted in the underlying state-court action fall outside the policy's coverage. The policy provides coverage for "bodily injury" or "property damage" caused by an "occurrence." An "occurrence" is defined as an "accident." In Missouri, an "accident" is an event that takes place without one's foresight or expectation. J.E. Jones Construction Co. v. Chubb & Sons, Inc., 486 F.3d. 337, 341 (8th Cir. 2007)(citing Hawkeye-Security, 6 S.W.3d at 425).

5

The Treacy defendants accuse the Lowery defendants of intentional, not accidental, conduct. The Eighth Circuit has held that the breach of a fiduciary duty does not constitute an "accident," and therefore is not an "occurrence" under Missouri law. Id. The court reasoned that the performance of a duty is within the insured's control, and therefore, a breach of that duty cannot qualify as an "accident." Id. Here, the Lowery defendants' duty to disclose financial information, to hold shareholder meetings, and to refrain from improperly using LSI's funds was within their control and, therefore, does not constitute an "accident." Furthermore, the Treacy defendants' claims of civil conspiracy and dissolution are also based on intentional conduct. Because the Treacy defendants do not allege that the Lowery defendants engaged in accidental conduct, the Court finds that the plaintiff has no duty to defend or indemnify the Lowery defendants in the underlying state-court action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment [#21] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2012.